COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Alston, McCullough and Senior Judge Clements
Argued at Richmond, Virginia


CHARLES XAVIER RANKINS

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1464-14-2            JUDGE JEAN HARRISON CLEMENTS
                                          SEPTEMBER 22, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Pamela S. Baskervill, Judge

Matthew C. Stewart for appellant.

David M. Uberman, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Charles Xavier Rankins (appellant) appeals his conviction for voluntary manslaughter.

Appellant argues that the trial court erred by "refusing to grant the defense of others jury instruction

proffered by [him]."  We find no error, and affirm the decision of the trial court and appellant's

conviction.

BACKGROUND

On March 27, 2013, appellant's six-year-old niece went to her grandparents' house after

school.  Appellant also was at his parents' house.  His niece told appellant and his mother that

Jasmond Eure, who is her mother's boyfriend, made her peel potatoes with a knife and she cut

her hand the previous night.  The niece also said that several days earlier, Eure turned the lights

off in the house and chased the girl with a knife.  Appellant and his mother were concerned about

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the girl's safety and decided that the girl would stay with appellant's mother and not go home with Eure.

When Eure came to pick up the girl, appellant met him outside to tell him that the girl would be staying with her grandmother. Appellant did not take a weapon with him. Appellant's mother was in the living room, and through the storm door, she saw appellant confront Eure. She said that appellant appeared calm, whereas Eure became angry and yelled at appellant. She saw Eure making gestures and swinging his fists around appellant. She closed the door so the children would not see the encounter.

Appellant asked Eure why he allowed a six year old to play with a knife. Eure was walking toward the front porch steps. Eure became aggressive and loud, and said, "Whatever happens in my house stays in my house." Then, he turned around and pointed a gun at appellant. Eure asked appellant if he "want[ed] to scrape."

Afterwards, Eure walked into the house. He had his hands on or around his hips. Appellant's mother started to tell Eure that the child was going to stay with her. Eure cut her off before she could finish her sentence. Appellant ran into the house and went past everyone in the kitchen. Appellant returned to the kitchen with a rifle and said, "You pull a gun on me. You pull a gun on me." Appellant shot Eure several times before he fell to the ground.

At the conclusion of all of the evidence, appellant proposed a jury instruction regarding defense of others. The trial court held that there was not sufficient evidence to submit the jury instruction on the defense of others. The jury found appellant guilty of voluntary manslaughter and recommended a sentence of seven years in prison. The trial court imposed that sentence on July 7, 2014. This appeal followed.

ANALYSIS

Appellant argues that the trial court erred in refusing his proposed jury instruction on the defense of others. He contends the victim was "an angry and belligerent man" because the victim had pointed a gun at him while they were outside of the house. Then, Eure went into the house, with his gun, and cut off appellant's mother when she said that the child was going to stay with her instead of going home with Eure. Appellant asserts that he was protecting his family when he shot Eure.

"As a general rule, the matter of granting and denying instructions does rest in the sound discretion of the trial court." Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009) (citations omitted). "A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)).

Appellant proposed the following jury instruction:

> If you believe from the evidence that a member of the defendant's family was without fault in provoking or bringing on the difficulty, and if you further believe that the defendant reasonably feared, under the circumstances as they appeared to him, that a member of his family was in danger of harm, then the defendant had the right to use such force as was reasonably necessary to protect his family member from the threatened harm. If you believe that the defendant used no more force than was reasonably necessary to protect his family member from the threatened harm, then you shall find the defendant not guilty.

The trial court concluded that there were "sufficient facts to submit the instruction on self-defense and not on the defense of others."

"A defendant is entitled to have the jury instructed only on those theories of the case that are supported by evidence." Connell v. Commonwealth, 34 Va. App. 429, 436, 542 S.E.2d 49, 52 (2001) (quoting Frye v. Commonwealth, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986)).

- 3 -

"An instruction is proper only if supported by more than a scintilla of evidence." Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001) (citations omitted). "If the instruction is not applicable to the facts and circumstances of the case, it should not be given." Id. (citations omitted).

"The Supreme Court has clearly recognized that one is privileged to use force in defense of family members." Foster v. Commonwealth, 13 Va. App. 380, 385, 412 S.E.2d 198, 201 (1991) (citations omitted). However, "[o]ne must reasonably apprehend death or serious bodily harm to another before he or she is privileged to use force in defense of the other person. The amount of force which may be used must be reasonable in relation to the harm threatened." Id. at 385-86, 412 S.E.2d at 202 (citation omitted).

No one saw Eure point his gun at appellant outside of the house. When Eure entered the house, his hands were on his waist. Eure was talking with appellant's mother and father in the kitchen. Appellant entered the house, walked past everyone in the kitchen, and retrieved a .22 rifle from a closet. Eure did not pull out his gun while he was in the kitchen with appellant's family. Appellant's mother did not see that Eure had a gun until after appellant shot him.

Appellant returned to the kitchen with the rifle and yelled at Eure, "You pull a gun on me. You pull a gun on me." Then, according to appellant's mother, "[b]ullets started flying," as appellant shot Eure five times until he fell. There was no evidence that Eure threatened death or bodily harm to appellant's family members.

Therefore, the trial court did not err in denying the jury instruction regarding the defense of others.

CONCLUSION

We affirm the trial court's ruling and appellant's conviction.

Affirmed.